Matter of Bastone (2022 NY Slip Op 04022)

Matter of Bastone

2022 NY Slip Op 04022

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2018-05574 ON MOTION

[*1]In the Matter of Christine Bastone, a disbarred attorney. Grievance Committee for the Tenth Judicial District, petitioner; Christine Bastone, respondent. (Attorney Registration No. 2529642) DECISION & ORDER Motion by the respondent (1) to recall and vacate an opinion and order of this Court dated February 20, 2019, which disbarred her upon her default in answering a verified petition dated April 25, 2018, and (2) to direct that a hearing be conducted to consider evidence on the issue of mitigation and aggravation of the discipline to be imposed on the charges contained in the verified petition dated April 25, 2018, which were deemed established on her default. By decision and order on motion of this Court dated December 6, 2019, the respondent's motion was granted to the extent that the motion papers were deemed to constitute an answer to the verified petition, the proceeding was opened to conduct a hearing limited to mitigating and aggravating evidence inasmuch as the charges contained in the petition were deemed established, and the matter was referred to the Honorable Anthony F. Marano, as Special Referee, to hear and report solely on any mitigating and aggravating factors, and the motion was otherwise held in abeyance in the interim. Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the report of the Special Referee dated July 17, 2021, made after a hearing limited to mitigating and aggravating evidence, it is ORDERED that the portion of the motion previously held in abeyance is granted to the extent that the opinion and order of this Court dated February 20, 2019, is recalled and vacated, and the following opinion and order is substituted therefor: DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 16, 1990. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by serving and filing a notice of petition dated May 25, 2018, and a verified petition dated April 25, 2018. By opinion and order of this Court dated February 20, 2019, the Grievance Committee's motion to deem the charges against the respondent established based upon her default in answering the petition was granted, and the respondent was disbarred. By decision and order on motion of this Court dated December 6, 2019, the respondent's motion, inter alia, to recall and vacate the order of disbarment was granted to the extent that the respondent's motion papers were deemed to constitute an answer to the verified petition and the matter was referred for a hearing before the Honorable Anthony F. Marano, as special referee, to hear and report solely on any mitigating and aggravating factors. Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for respondent.
PER CURIAM. The Grievance Committee served the respondent with a verified petition dated April 25, 2018, containing five charges of professional misconduct. The respondent defaulted in answering the petition and the Grievance Committee's motion to deem the charges established based upon her default was granted by opinion and order of this Court dated February 20, 2019, and the respondent was disbarred. The respondent subsequently moved to recall and vacate the order of disbarment, and requested a mitigation hearing. By decision and order on motion of this Court dated December 6, 2019, the respondent's motion was granted to the extent that her motion papers were deemed to constitute an answer to the verified petition, the matter was referred to the Honorable Anthony F. Marano, as Special Referee, to hear and report solely on any mitigating and aggravating factors, as the charges in the verified petition were deemed established. After a pre-hearing conference on February 25, 2020, and a hearing on March 18, 2021, the Special Referee, in a report dated July 17, 2021, found the respondent to be credible and of good character, and that the mitigation presented militated strongly in her favor. The respondent now moves for an order confirming the Special Referee's report, imposing discipline suspending her for a period not to exceed three years, nunc pro tunc, to February 20, 2019, and reinstating her to the practice of law. The Grievance Committee filed an affirmation in opposition.
Based upon the mitigating factors presented, we find that the respondent's conduct warrants her suspension from the practice of law for a period of 18 months, nunc pro tunc, to February 20, 2019.
The Petition 
The verified petition dated April 25, 2018, contains the following charges, which have been deemed established:
Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with an investigation of the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On February 17, 2017, Peggy A. Flores filed a complaint on behalf of her parents, Carla Biangasso and Daniel Biangasso (hereinafter together the Biangassos), alleging that six years prior, the respondent had been retained to handle a legal matter concerning the last will and testament of William Kurtz, Flores's uncle, and that the respondent neglected such matter, failed to keep her clients reasonably informed of the status of the matter, and failed to promptly comply with her clients' requests for information.
By letter dated March 9, 2017, the complaint was forwarded to the Committee on Grievances of the Nassau County Bar Association (hereinafter Bar Association) for investigation and appropriate action. By letter dated March 15, 2017, sent via first class mail to the respondent's address registered with OCA, the Bar Association forwarded a copy of the Flores complaint to the respondent and requested that she submit an answer within 10 days. The respondent did not submit an answer, nor did she respond after a second letter dated May 9, 2017, was sent to the same address. By letter dated May 31, 2017, the Bar Association advised the respondent that the matter was being referred back to the Grievance Committee.
By letter dated June 27, 2017, the Grievance Committee provided a copy of the Flores complaint to the respondent and requested that she submit a written answer within 10 days of her receipt thereof. No response was received by the Grievance Committee as requested. The Committee made a second request for the respondent's answer by letter dated July 27, 2017, sent via first class mail and certified mail, return receipt requested. No response was received from the respondent.
By letter dated September 12, 2017, sent via first class mail and certified mail, return receipt requested, the respondent was asked to contact the Grievance Committee to arrange for an examination under oath (hereinafter EUO). No response was received from the respondent. On October 31, 2017, the Grievance Committee duly served the respondent with a judicial subpoena and a subpoena duces tecum directing her appearance at the Grievance Committee's offices on November 20, 2017, for an EUO, and directing her to produce the Flores file. The respondent failed to appear on November 20, 2017, and failed to comply with the judicial subpoena duces tecum. Staff counsel for the Grievance Committee made a telephone call to the respondent on that date, and left a message on her voicemail message system requesting the respondent to return the call, which she [*2]did not do. The respondent's default was noted on the record.
Charge two alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one.
Charge three alleges that the respondent neglected a legal matter entrusted to her, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The Biangassos, the parents of Flores, retained the respondent to probate the will of Kurtz, who died on or about February 23, 2011. Kurtz left a purported will, executed on April 12, 2010, in which, among other things, he made bequests to Daniel Biangasso, or, if he did not survive, to his wife, Carla Biangasso, or, if she did not survive, to Flores. The will was prepared by Nathan Michael Alexander, Kurtz's then-attorney. The will named Alexander as executor. The Biangassos retained the respondent, inter alia, to investigate claims that Alexander forged the will and misappropriated property belonging to Kurtz, and to compel Alexander to produce the original will.
The respondent prepared a petition to compel production of the will on or about September 5, 2013. She thereafter advised the Biangassos to enter into an agreement with Alexander pursuant to which they would forego criminal charges against Alexander in exchange for his production of the original will. Sometime after execution of such agreement, Alexander produced the original will.
The respondent thereafter failed to maintain communications with the Biangassos and failed to advise them of the status of the matter. Nor did she provide the Biangassos with various documents they requested. The Biangassos then asked their daughter, Flores, to intervene. A meeting was held in and around July 2015, at which the respondent provided some but not all of the requested documents. The respondent indicated that a check book for certain estate funds was in her possession, but that the funds were frozen pending completion of the matter. The respondent failed to provide the additional documents requested.
By letter dated October 14, 2016, Flores advised the respondent, among other things, that the respondent had not communicated with the Biangassos since July, and requested to be advised regarding the status of the matter. Flores also advised the respondent that if she did not hear from her within 24 hours, a grievance complaint would be filed. The respondent called Flores at the end of the 24-hour period and provided limited information, but then did not communicate until November 4, 2016, when she advised that some papers had been filed in court. Thereafter, the respondent did not accept or reply to multiple telephone calls and emails, the last of which was left in or about February 2017. On February 13, 2017, Flores, while driving, received a call from the respondent. Flores's daughter answered the call and advised the respondent that Flores was driving, but would return her call in 15 minutes. Flores returned the call and left a message for the respondent requesting her to call back, but she did not.
With the legal matter still unresolved after six years, new counsel was retained, and Flores filed a complaint against respondent with the Grievance Committee.
Charge four alleges that the respondent failed to keep her clients informed of the status of their legal matter, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge three.
Charge five alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge three.
Conclusion 
The respondent asks this Court to impose a suspension for a period not to exceed three years, nunc pro tunc, to February 20, 2019, and to reinstate her to the practice of law, in view of the mitigation advanced, including her remorse and acceptance of responsibility, the evidence of her good character, the personal adversities that occurred in her family, and her compliance with the disbarment order. While we find the respondent presented substantial mitigation, we have also considered as aggravating factors the length of time during which she failed to communicate with her clients, her failure to cooperate with the Grievance Committee, and her disciplinary history which includes an Admonition in 2014.
Under the totality of the circumstances, we find that the respondent's conduct warrants her suspension from the practice of law for a period of 18 months, nunc pro tunc, to February 20, 2019.
LASALLE, P.J., DILLON, DUFFY, BARROS, and CHRISTOPHER, JJ., concur.
ORDERED that the motion of the respondent, Christine Bastone, inter alia, to confirm the Special Referee's report dated July 17, 2021, is granted to the extent that the Special Referee's report is confirmed, and the respondent is suspended from the practice of law for a period of 18 months, nunc pro tunc, to February 20, 2019, and continuing until further order of the Court. The respondent is immediately eligible to apply for reinstatement. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the motion of the respondent, Christine Bastone, is otherwise denied; and it is further,
ORDERED that, during the period of suspension and until further order of this Court, the respondent, Christine Bastone, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Christine Bastone, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Christine Bastone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court